**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

THIERNO ALIOU BOUBADIAN BAH,

      Petitioner,

v.                                                                              No. 1:26-cv-01737-DHU-LF

MARKWAYNE MULLIN, in his official
capacity as Secretary of the United States
Department of Homeland Security;
TODD BLANCHE, in his official capacity
as Attorney General of the United States;
TODD LYONS, in his official capacity
as Acting Director, United States
Immigration and Customs Enforcement;
DAREN MARGOLIN, in his official
capacity as Acting Director of the
Executive Office of Immigration Review;
and JOHN DOE, in his official capacity
as the Warden of the Torrance County
Detention Facility, Estancia, New Mexico,

      Respondents.

## <u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>

THIS MATTER is before the Court on Petitioner Thierno Aliou Boubadian Bah's Petition

for Writ of Habeas Corpus ("Petition"). Doc. 2. Having considered the parties' briefs, the record,

and the relevant law, the Court **GRANTS** the Petition.

Petitioner is a native citizen of Guinea. *Id.* ¶ 22. On September 17, 2023, Petitioner left

Guinea because he feared persecution due to his pro-democracy political involvement, which had

caused him to be stabbed and sought after by the military police. *Id.* ¶¶ 22-24. On or about

November 27, 2023, Petitioner entered the United States without inspection around Lukeville,

Arizona. *Id.* ¶¶ 24-25. After entering, he was immediately detained by United States Customs and

Border Protection ("CBP"). *Id.* ¶ 25. Petitioner was placed in CBP custody for around three days

before being released on his own recognizance. *Id.* Around this time, he was issued a Notice to Appear, which charges him as a noncitizen present in the United States who has not been admitted or paroled. *Id.* ¶ 26; Doc. 2-2 at 1.

Following his release, Petitioner complied with all conditions. On March 29, 2024, he filed an Application for Asylum and for Withholding of Removal. Doc. 2 ¶ 28; Doc. 2-1. He has also attended every scheduled hearing in his removal proceedings. Doc. 2 ¶ 28.

On February 6, 2026, Petitioner was stopped in his vehicle by officers of Respondents, who did not articulate a violation of traffic or immigration law to explain why he had been pulled over. *Id.* ¶¶ 29-30. Instead, they asked whether Petitioner was a United States citizen, to which Petitioner responded that he had a Social Security number and a work permit. *Id.* ¶ 30. Petitioner was arrested and detained by officers of Respondents and taken to the Whipple Federal Building in Minneapolis, Minnesota, in the state where he resided. *Id.* ¶¶ 29-30. He was eventually transferred to the Torrance County Facility in Estancia, New Mexico, where he remains detained. *Id.* ¶ 31. Petitioner's removal proceedings remain pending. *Id.* ¶ 28.

On June 1, 2026, Petitioner filed the instant Petition, in which he alleges that his re-detention without an individualized assessment violates the Due Process Clause and that he should be subject to 8 U.S.C. § 1226—not 8 U.S.C. § 1225—while waiting for the completion of his removal proceedings. *Id.* ¶¶ 39, 49-55. Petitioner requests that the Court issue a Writ of Habeas Corpus ordering his immediate release and award him reasonable attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). *Id.* at 20.

This Court has addressed procedural due process rights in the immigration re-detention context on multiple occasions. *See Sahil v. De Anda-Ybarra*, No. 2:26-cv-00434-DHU-JFR, 2026 WL 560216 (D.N.M. Feb. 27, 2026); *Ompal v. Warden*, No. 1:26-cv-00810-DHU-JHR, Doc. 12

(D.N.M. May 28, 2026); *Ducosquier Suarez v. Castro*, No. 2:26-cv-1541-DHU-JHR, Doc. 12 (D.N.M. May 27, 2026); *Moreno Moreno v. Bondi*, No. 2:26-cv-00787-DHU-DLM, Doc. 11 (D.N.M. May 12, 2026); *Lopez Gonzalez v. Lyons*, No. 2:26-cv-00383-DHU-JHR, Doc. 11 (D.N.M. Apr. 28, 2026); *Exposito v. Lyons*, No. 2:26-cv-00020-DHU-JHR, Doc. 11 (D.N.M. Apr. 23, 2026); *Abshir v. Noem*, No. 2:26-cv-00301-DHU-JFR, Doc. 14 (D.N.M. Apr. 13, 2026); *Akum v. Dedos*, No. 1:26-cv-00401-DHU-KRS, Doc. 11 (D.N.M. Apr. 13, 2026). On all of these occasions, the Court has found that noncitizens who enter without inspection, are detained by immigration officials within the United States, and are subsequently released on an Order of Release on Recognizance for years, develop a protected liberty interest in their release. The Court has further found that such noncitizens are entitled to notice and a pre-deprivation hearing prior to being re-detained, and that the Government's failure to provide them with such notice and pre-deprivation hearing constitutes a violation of procedural due process rights that can only be adequately remedied by ordering immediate release. Petitioner was detained within the United States in 2023 before being released on his own recognizance for over two (2) years, so he has developed a protected liberty interest in his release. He was entitled to notice and a pre-deprivation hearing prior to being re-detained, and Respondents' failure to provide him with notice and a pre-deprivation hearing violated his procedural due process rights. The Court will, therefore, order his immediate release. *See Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention ... [and] [t]he typical remedy [for such detention] is, of course, release." (citations omitted)).

Given the Court's finding that due process requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by §1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals

held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. ___F.4th___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2023, was detained by immigration officials in the country and subsequently released on his own recognizance, and re-detained over two (2) years later in Minnesota. Petitioner's detention is, therefore, governed by § 1226(a).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner within **twenty-four (24) hours** of this Order and subject him to the same terms as his original Order of Release on Recognizance. Unless and until Petitioner's Order of Removal becomes final, Respondents are **RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing, that he is a danger to the community or a flight risk.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Monday, July 27, 2026, confirming Petitioner's timely release.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE